Lewis "Toby" TYLER, Plaintiff,

v.

CITY OF MANHATTAN, Defendant.

No. 93–4030–DES.

United States District Court,
D. Kansas.

Oct. 27, 1994.

Larry J. Leatherman, Palmer & Lowry, Topeka, KS, for plaintiff.

James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, William L. Frost, Morrison, Frost and Olsen, Manhattan, KS, Kurt A. Level, Fisher, Patterson, Sayler & Smith, Overland Park, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiff's motion for attorney fees (Doc. 70). Defendant has filed an objection (Doc. 72). Plaintiff filed a statement of consultation pursuant to Rule 220 in which he contends defendant offered settlement of $60,000 conditioned on plaintiff releasing settlement of all issues (Doc. 78).

Plaintiff claims fees and costs of $62,122.05 without enhancement. Plaintiff requests a hearing on the award of attorney fees, or an order granting the fees as submitted which reflect increases attributed to post-trial motions, or an order granting the fees as submitted with an enhancement.

### DISCUSSION

Plaintiff seeks an award of attorney fees and costs pursuant to 42 U.S.C. § 1988(b) and 28 C.F.R. § 35.175. § 35.175 provides:

In any action or administrative proceeding commenced pursuant to the Act or this part, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

In order to be eligible for a fee award, a plaintiff must be a prevailing party. The United States Supreme Court has held that a plaintiff must prevail "on any significant claim affording some of the relief sought." *Texas Teachers Ass'n v. Garland School Dist.,* 489 U.S. 782, 791, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989). The relief must reach the underlying merits of the claim and affect the behavior of the defendant towards the plaintiff. *Hewitt v. Helms,* 482 U.S. 755, 761, 107 S.Ct. 2672, 2676, 96 L.Ed.2d 654 (1987). When a lawsuit serves as a catalyst for favorable action by the defendant, such as taking remedial action because of the suit, the plaintiff is a prevailing party. *Metro. Pittsburgh Crusade for Voters v. Pittsburgh,* 964 F.2d 244, 251 (3d Cir.1992). Even the award of nominal damages confers upon the plaintiff status as a prevailing party. *Farrar v. Hobby,* —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

Although fee-shifting statutes make the awarding of fees to the prevailing party discretionary with the court, the Supreme Court has held that the prevailing party "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Blanchard v. Bergeron,* 489 U.S. 87, 89, 109 S.Ct. 939, 942, 103 L.Ed.2d 67 (1989). The special circumstances cases are rare and tend to involve highly unusual conditions. Furthermore, a strong showing of special circumstances is necessary to support a denial of fees. *Dahlem v. Board of Educ. of Denver Public Schools,* 901 F.2d 1508, 1514 (10th Cir.1990). In *Dahlem,* plaintiff sought, and was granted, a preliminary injunction allowing him to compete as a member of the high school girls gymnastics team because there was no boys team. The case was consolidated with one filed by a student at another school seeking to participate on the girls volleyball team,

again because there was no boys team. *Rowley v. Bd. of Educ. of St. Vrain Valley Sch. D.,* 863 F.2d 39, 40–41 (10th Cir.1988). The school appealed the granting of the injunctions. While the appeals were pending, the gymnastics season ended and the case became moot because plaintiff was a senior. The appeal was, therefore, dismissed. *Id.* at 1510.

Plaintiff filed a motion for attorney fees. In the meantime, the *Rowley* case was decided by the 10th Circuit on the merits and the district court's granting of the preliminary injunction was reversed. Prior to the issuance of the mandate, plaintiff in *Rowley* decided he did not wish to play volleyball and the action was mooted. The 10th Circuit vacated the judgment and withdrew its opinion. *Id.*

Thereafter, the district court denied Dahlem's request for attorney's fees. The court found Dahlem a prevailing party, but also concluded that the awarding of fees would be unjust because had the case gone to the circuit on the merits it would have been reversed just like *Rowley.* *Id.*

On appeal, the Tenth Circuit affirmed finding that the *Dahlem* "case is quite unusual and it comes within the 'special circumstances' exception." Although a district court's discretion to deny fees to a prevailing party is "quite narrow," where the circumstances exist that would make the awarding of the fees unjust, the court may deny the motion. *Id.* at 1514.

The case now before this court is clearly distinguishable from the "special circumstances" cases where attorney fees are denied because such an award would be unjust. Here the plaintiff has prevailed on the merits as evidenced by the remedial action taken by the defendant. *Metro. Pittsburgh Crusade for Voters,* 964 F.2d at 251. In addition, there are simply no special circumstances which would make the awarding of the fees unjust. The court finds, in fact, that failure to award the fees would itself be unjust and violate the *Blanchard* holding that ordinarily attorney fees should be awarded to the prevailing party.

In reviewing plaintiff's statement of fees, the court finds that the hourly market rates of $90 per hour and $125 per hour submitted by plaintiff are reasonable. As to the calculation of hours reasonably expended, the court finds that while the overall submittal is reasonable, certain items are questionable and have been removed from the formula.

The court reduces the overall award in the following instances:

| Page 4 | Copies to Kinko's—LJL | $ 27.00 |
| | Phone call Manhattan Mercury | 27.00 |
| Page 21 | Phone call with Level 4.10 hr. | 369.00 |
| Page 26 | Phone call Free Press | 18.00 |
| Page 31 | Lunch | 15.00 |
| Page 32 | Expenses submitted by client reduced by 15% | 405.88 |
| | Total | $861.88 |

This brings the award total to $61,260.17. This amount is very close to the $60,000 offer made by defendant for attorney fees and costs, but which carried the additional contingency that plaintiff agree to the settlement of all issues between the parties.

The court recognizes that the amount of the attorney fees and expenses requested is substantial. However, this controversy has been active and ongoing since September 1992. Because the litigation has led to the development of a new field of law, both parties have expended sizable amounts of time, energy, and resources. Under these circumstances, the substantial award of attorney fees is reasonable and warranted.

**IT IS THEREFORE BY THE COURT ORDERED** that the motion for attorney's fees (Doc. 70) is granted as modified in the amount of $61,260.17.