**Mary Lou SCHMIDT and Darlene Stearns, Plaintiffs,**

v.

**Rita CLINE, Shawnee County Treasurer, Defendant.**

No. 00–4138–SAC.

United States District Court, D. Kansas.

March 14, 2001.

Lisa Nathanson, Kansas City, MO, for plaintiffs.

Richard V. Eckert, Topeka, KS, Francis J. Manion, New Hope, KY, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case comes before the court on defendant's motion for attorney's fees (Dk.20), pursuant to 42 U.S.C. § 1988.[1] Plaintiff opposes the motion and requests that the court deny the motion or award only some of the fees sought by the plaintiff. (Dk.24). Neither party requests a hearing on this matter or expresses a desire for expert or other testimony. Accordingly, the court finds no need for a hearing on this issue, and will make its determination based upon the record before it.

In any fee request under § 1988(b), a claimant must prove two elements: (1) that the claimant was the "prevailing party" in the proceeding; and (2) that the claimant's fee request is "reasonable." *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Phelps v. Hamilton,* 120 F.3d 1126, 1129 (10th Cir.1997). Plaintiff does not challenge the court's finding that the defendant[2] was the prevailing party in this

---

1. Defendant has not filed a certificate or other statement satisfying the requirements of D.Kan.Rule 54.2 that the parties engaged in consultation regarding attorney's fees. Nonetheless, because this court specifically ordered the parties to confer regarding this issue (Dk 14, p. 31), the court will presume that the meet and confer requirements of the local rule have been met.

2. The court notes that the defendant was represented by a public interest law firm in this matter. The court does not believe that fee awards to public interest lawyers should be

proceeding, and instead alleges solely that the court erred in finding its claims to be frivolous, and that the amount of defendant's fee request is not reasonable.

On December 6, 2000, the court ruled that plaintiffs lacked standing to pursue this case, and that some of plaintiff's claims were moot. In the alternative, the court ruled that even in the event it had jurisdiction to consider the merits of the case, plaintiff's free speech claim and establishment clause claims were groundless and or frivolous and were subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6). (Dk.14). Because the defendant had requested attorney's fees, the court set forth in that order the requisite legal standard by which prevailing defendants could recover fees pursuant to 42 U.S.C. § 1988, its conclusion that the defendant was a prevailing party within the meaning of that statute, and its rationale for finding the plaintiff's claims frivolous or groundless. This was done in accordance with the Tenth Circuit's advise that district courts look to the merits of a complaint dismissed under Rule 12(b)(6) to determine frivolousness. *See Crabtree v. Muchmore,* 904 F.2d 1475, 1478 (10th Cir.1990); *Chavez v. Bennett Propp,* 216 F.3d 1086, 2000 WL 702309, *2 (10th Cir. May 26, 2000) (Table).

Since that order, the court has ruled on plaintiff's motion to alter or amend, (Dk.16), and has reviewed plaintiff's response to defendant's motion for attorney's fees, (Dk.24), both of which take issue only

with the court's rulings on plaintiff Schmidt's establishment clause claim.[3] Nothing in any of plaintiff's pleadings has shown the court that its prior rulings were incorrect in any manner. Accordingly, the rulings made in the court's orders of December 6, 2000, (Dk.14) and Feb. 1, 2001 (Dk.25) regarding the groundless or frivolous nature of all of plaintiff's claims are expressly incorporated herein, and will not be repeated. Attorney's fees to the defendant are therefore warranted.

The sole issue addressed herein is the reasonableness of the amount of defendant's fee request. Defendant seeks attorney's fees in the amount of $9,485.00 to compensate for 54.2 hours of time,[4] at the rate of $175.00 an hour. In support of his request, defendant has submitted an affidavit, (Dk.21), accompanied by copies of time sheets reflecting the specific amount of time spent on each task in this case for which he seeks compensation, (Dk.21, Exh. A), a short resume, (Dk.21, Exh. B), and a copy of a March 29, 2000 decision in an unrelated case from the Western District of Missouri (Dk.21, Exh. C), in which that court found the rate of $175.00 per hour to be reasonable for another attorney.

▬ In determining a reasonable attorney's fee, the district court first calculates the "lodestar" figure, that is, the product of multiplying reasonable hours by a reasonable hourly rate. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. This "lodestar amount" is "the centerpiece of attorney's

---

calculated differently than awards to lawyers in private practice who would personally receive the benefit of the awards. Calculating attorney's fees for public interest lawyers and private firm lawyers in the same manner furthers the legislative intent underlying 42 U.S.C. § 1988. *See Love v. Mayor, City of Cheyenne, Wyo.,* 620 F.2d 235, 237 (10th Cir. 1980) (*citing Reynolds v. Coomey,* 567 F.2d 1166, 1167 (1st Cir.1978)).

3. Plaintiffs have previously affirmatively represented to the court that they do not challenge the court's rulings regarding plaintiff Stearns' lack of standing, the display of the original posters, and plaintiff's free speech claims. (Dk.16, p. 2).

4. The court notes that defendant's time sheets reflect additional time for which defendant's counsel seeks no compensation. (6/13/00 entry of .8 hours.)

fee awards." *Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). The lodestar figure "is the presumptively reasonable fee." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir.1994). The lodestar amount is then adjusted upwardly or downwardly to reflect other factors, such as those listed in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir.1974), when necessary.

### Hourly Rate

▉ "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir.1987) (citation omitted). In support of defendant's assertion that $175.00 per hour is reasonable, defendant submits the case of *Phillips v. State of Missouri, et al.*, Case No. 97–0748–CV–W–5 (Mar. 29, 2000) (W.D.Mo.). This was not a case in which this defendant's counsel was awarded fees, but is cited by defendant only to show the court that the rate of $175.00 per hour for some senior attorney in the Kansas City, Missouri area was recently found to be reasonable. There, however, unlike in the present case, opposing counsel "[did] not contest the reasonableness of the rates requested," (Dk.21, Exh. C., p. 3). Nor does the case contain any discussion of any facts that would assist this court in determining whether that counsel was similarly situated to defendant's counsel in terms of experience and expertise. Accordingly, the court places no weight upon the *Phillips* case.

▉ Defendant's affidavit and brief show that he considers the relevant market to be the "Topeka/Kansas City area."

(Dk. 21, p. 2; *See* Dk. 20, p. 4). Defendant assumes that the rates of attorneys in the Topeka legal community are substantially similar to those in the Kansas City area, but shows no support for such assumption. A court is to look "to the prevailing market rates in the relevant community" in calculating a reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). The relevant community is the area in which the litigation occurs. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983). The relevant community here is Topeka, not Kansas City.

▉ Defendant's counsel has additionally submitted his own affidavit asserting that he is familiar with the hourly billing rates of attorneys with comparable skill and experience in First Amendment and civil rights litigation who practice in the Topeka and Kansas City area, that many such attorneys bill in excess of $175.00 per hour, and that his hourly rate of $175.00 is therefore reasonable. Defendant fails to name or produce any affidavit from any such attorney, however. The burden is with the applicant "to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n. 11, 104 S.Ct. 1541. Defendant has failed to submit evidence of the prevailing rates charged by attorneys in Topeka with skill, experience and reputation comparable to his own. Plaintiff's response includes no affidavits or other evidence, but asserts that rates are generally higher in Kansas City than in Topeka, and that ACLU's General Counsel,[5] who has over 30 years of experience, has recently been awarded

---

**5.** Because the same General Counsel has signed this pleading, the court accepts this assertion as true.

fees based on a rate of $150.00 per hour in two Kansas City cases. (Dk.24, p. 10). Plaintiff suggests that a rate of $150.00 per hour is more appropriate than $175.00 in the Topeka community. The court agrees.

■■■ Where, as here, a district court does not have before it adequate evidence of prevailing market rates, the court may, in its discretion, use other relevant factors including its own knowledge to establish the rate. *Case v. Unified School Dist. No. 233, Johnson County, Kan.,* 157 F.3d 1243, 1257 (10th Cir.1998); *See Lucero,* 815 F.2d at 1385. The court can take judicial notice of the prevailing rate of fees in this community, *see e.g., Ware v. Sullivan,* 1991 WL 42293 (D.Kan. Mar.6, 1991); *Franz v. Lytle,* 854 F.Supp. 753 (D.Kan.1994), and will do so here.

■■■ The court is unaware of any case in this state in which attorney's fees have been granted pursuant to § 1988 or comparable statutes at the rate of $175.00. Fees awarded usually range from $125 to $150 per hour. *See e.g., Tyler v. City of Manhattan,* 866 F.Supp. 500 (D.Kan.1994); *Franz,* 854 F.Supp. 753 ($125.00 an hour awarded in a § 1983 case arising from Wichita—court took judicial notice that the hourly rates in Topeka were much less); *Woods v. Shawnee Gardens,* 1993 WL 545220 (D.Kan. Dec. 1, 1993) (a Title VII action in Kansas City in which the court stated $150.00 was too high for a Title VII case); *Dutton v. Johnson County Bd. of County Com'rs,* 1995 WL 337588 (D.Kan. May 26, 1995) (NO. 93–2184–JWL) ($150.00 an hour awarded in a case brought in Kansas City). Based upon the court's own knowledge of rates in the Topeka market, coupled with plaintiff's proposal that this rate is appropriate, defendant's attorney's fees will be permitted at the rate of $150 per hour, which is at the high end of rates in this community.

**Number of Hours**

Defendant seeks compensation for 54.2 hours of attorney time. Plaintiff alleges that defendant has failed to show the necessity of any hours, that defendant's records lack the requisite specificity, and that certain hours should be excluded. Specifically, plaintiff challenges 15.2 hours of time prior to the date on which defendant's counsel received and reviewed the plaintiff's complaint, and 14 hours of travel time for two trips from Kentucky to Kansas.

■■■ The court must decide the number of hours that were reasonably expended on this case. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. The burden is on the prevailing party to show that the claimed hours are reasonable. *Blum,* 465 U.S. at 897, 104 S.Ct. 1541.

■■■ [This inquiry is] controlled by the overriding consideration of whether the attorney's hours were "necessary" under the circumstances. "The prevailing party must make a 'good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Jane L.,* 61 F.3d at 1510 (*quoting Hensley,* 461 U.S. at 434, 103 S.Ct. 1933, 76 L.Ed.2d 40). A district court should approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients...." *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983). However, "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage...." *People Who Care v. Rockford Bd. of Educ., Sch.Dist. No. 205,* 90 F.3d 1307, 1314 (7th Cir.1996) (quotations omitted).

*Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir.1998).

The court has reviewed all of the hours for which the defendant's counsel seeks reimbursement, and finds them to be sufficiently specific, and adequately supported by contemporaneous time records. The court does not find any of the requested hours to be excessive, redundant, or otherwise unnecessary. Although one of the two trips to Topeka could perhaps have been avoided by use of the telephone or other medium, the court will honor the attorney's judgment that face to face meetings with one's client and with local counsel remain necessary and preferable. Accordingly, the court finds that defendant's counsel is entitled to fees for 54.2 hours that he spent on this case.

The "lodestar" figure for defendant's attorney's fees is thus

$8,130.00 (150.00 per hour × 54.2 hours). Neither party has suggested that other factors, such as those listed in *Johnson*, should alter this amount, and the court finds that the lodestar amount needs no adjustment. Accordingly, defendant's motion for attorney's fees will be granted, although in an amount less than originally sought by defendant's counsel.

IT IS THEREFORE ORDERED THAT defendant's motion for attorney's fees (Dk.20) is granted in the amount of $8,130.00.