815 F.2d 1384
 Irene C. LUCERO, Plaintiff-Appellant,
v.
CITY OF TRINIDAD, by and through the former members of its
City Council, John Rino, Carlos Chacon, Eugene Duran, Ernest
Maio, Joseph Reorda, John Sawaya, and Joseph Terry, acting
in their official capacities, and the present members of its
City Council, Roberta Cordova, Jack Dalton, Eugene Duran,
Joseph Garbo, Marie George, and John Sawaya, acting in their
official capacities; Teddy C. Ryan, former City Manager,
acting in his official capacity; William Cordova, present
City Manager, acting in his official capacity; Manuel
Lujan, former Chief of Police, acting in his official
capacity; and Richard Scherwitz, present Chief of Police,
acting in his official capacity, Defendants-Appellees.
 No. 85-1682.
 United States Court of Appeals,
Tenth Circuit.
 April 16, 1987.
 
 Charles M. Johnson (Gregory A. Eurich and A. Bruce Jones, with him on the briefs), of Holland & Hart, Denver, Colo., for plaintiff-appellant.
 Bruce Billings, City Atty., City of Trinidad, Colo., for defendants-appellees.
 Emily M. Calhoun, University of Colorado School of Law, Boulder, Colo., for amicus curiae, Colorado Lawyers Committee.
 Before BARRETT and TACHA, Circuit Judges, and JENKINS, District Judge.*
 TACHA, Circuit Judge.
 
 
 1
 This appeal involves an award of attorneys' fees in a civil rights case alleging violations of 42 U.S.C. Sec. 1983. The underlying case was settled prior to trial, but the parties failed to reach agreement on the amount of attorneys' fees owed to plaintiff's attorneys. Plaintiff was the "prevailing party" and thus is entitled to reasonable attorneys' fees. 42 U.S.C. Sec. 1988. The only issue to be resolved on appeal is whether the district court erred in setting the amount of attorneys' fees for the lawyers, law students, and legal assistants who worked on this case.
 
 
 2
 Plaintiff was represented in this case by the law firm of Holland and Hart (Holland) in Denver. In support of the plaintiff's application for attorneys' fees, Holland submitted the affidavit of Mr. Bruce Sattler, a senior partner at Holland, and an attached summary of fees and costs claiming fees at a rate ranging from $65 to $140 per hour for attorneys and $40 per hour for law students and legal assistants. The total amount claimed by Holland was $21,252.50. The district court assessed fees at a rate of $75 per hour for partner and senior associate time, $50 for junior associate time, and $25 for law student and legal assistant time. The district court awarded a total of $14,972.50 in attorneys fees. In this appeal plaintiff challenges the district court's reduction of the hourly rates. We affirm.
 
 
 3
 Attorneys' fees awarded under Sec. 1988 are to be calculated on the basis of the prevailing market rates in the relevant community and not on the basis of the cost of legal services. Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984). The burden of establishing the reasonableness of the fee is on the applicant. Id. at 897, 104 S.Ct. at 1548. In the present case, Holland provided the court with documentation that showed only the prevailing market rates at the Holland firm. Holland did not submit any evidence that would show that its rates are representative of the prevailing market rates in Denver or in Colorado. We have said that the customary hourly rate of a lawyer in private practice is relevant but not conclusive in determining a reasonable rate. Ramos v. Lamm, 713 F.2d 546, 555 (10th Cir.1983).
 
 
 4
 The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area. Gurule v. Wilson, 635 F.2d 782, 794 (10th Cir.1980). Absent other evidence of prevailing market rates the district court must rely on all relevant factors known to the court in establishing the reasonable rate to be applied in multiplying the number of hours by the hourly rate to derive the "lodestar" figure. In Ramos we said that the district court must articulate reasons for fee awards to give us a basis for review. 713 F.2d at 552. The reasons do not, however, have to be so specific as to require individual justifications for each of the multipliers used in computing the lodestar figure so long as the reasons given for the award as a whole are adequate to allow for meaningful review.
 
 
 5
 The district court supplied sufficient reasons for the award in this case. The judge specifically stated in the order awarding attorneys' fees that she could find no basis to award fees at the rates requested by Holland. In reviewing the record we agree with that conclusion because of the absence of relevant information about prevailing market rates in Denver other than the Holland affidavit and summary. Thus, the district judge turned to her own knowledge of prevailing market rates and to other relevant indicia of a reasonable market rate. As an indicia of reasonableness the court recites the rates provided by Congress in the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 (EAJA). Holland, the party now claiming a higher market rate in Denver, did not provide evidence of the higher market rate other than the evidence relating to Holland's own rates. In the absence of other indicia of the local market rate the district judge compared the EAJA rates with her knowledge of the prevailing market rate and found the EAJA rates reasonable. The judge's order makes clear that she views the EAJA amounts as an indicia of reasonableness in this case. Although additional reasons should have been articulated, we cannot say that reference to the EAJA amounts to an abuse of discretion.
 
 
 6
 The district judge further indicated that she considered a duplication of efforts among the attorneys, law students, and legal assistants as a relevant factor in establishing the hourly rates. She states in her order that although plaintiff can staff the case as she chooses, it would not be reasonable to award fees for all of this time at the highest hourly rate. The district court took this duplication of effort into account in setting the hourly rates for junior associates, law students, and legal assistants.
 
 
 7
 The district court is uniquely qualified to establish the reasonable hourly rate multiplier in computing attorneys' fees. We will disturb the trial court's determination only where there has been a clear abuse of discretion or where the court provides no reasons for the award as a whole. We find no abuse of discretion here. The reasons given by the court are adequate.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Bruce S. Jenkins, United States District Judge for the District of Utah, sitting by designation