Carla **CAMPBELL**, Plaintiff,

v.

**KANSAS STATE UNIVERSITY**, and Charles **Deyoe**, Defendants.

Civ. A. No. 88–1710–T.

United States District Court, D. Kansas.

Oct. 7, 1992.

See also 780 F.Supp. 755.

spent 703.9 hours litigating this case. Co-counsel Tim Ryan spent 64.3 hours. The hourly rates sought are as follows: Donna Long—$112 per hour; Tim Ryan—$135 per hour. Plaintiff's requested fees represent an increase over their usual billing rates of $75 per hour for Long and $75–$90 per hour for Ryan.

## MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., alleging employment discrimination and sexual harassment. After trial to the court, the court found in favor of the plaintiff on her claim of hostile work environment sexual harassment and awarded her nominal damages. The court also found in favor of plaintiff on her pendent state law claims of assault and battery and awarded plaintiff actual and punitive damages.

This matter is before the court on the plaintiff's motion for attorney's fees and expenses pursuant to Title VII. Doc. 76. Plaintiff seeks a total award of $101,965.22 attorney's fees and expenses. As is often the case, the parties are in agreement as to the legal standards that apply, but disagree on the application of those standards to the facts of the case. The defendants have responded that a reasonable attorney fee award would be $18,004.85. The court held a hearing on September 28, 1992 and is now prepared to rule.

■ The court notes at the outset that the court's determination of the amount of fees to be awarded is a discretionary one. The district court's award of attorney's fees is reviewed on appeal for an abuse of discretion. Underlying factual findings may be reversed only when clearly erroneous. *See Homeward Bound, Inc. v. Hissom Memorial Center*, 963 F.2d 1352, 1355 (10th Cir.1992).

## I. Computation of Fees

### A. The Lodestar

Plaintiff requests total attorney's fees of $87,517.30. Lead Counsel Donna Long

■ The initial estimate of a reasonable attorney's fee is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Counsel for the prevailing party should endeavor to exclude from the fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. at 1939. Reasonable fees are defined by reference to the prevailing market rates in the community. *Blum v. Stenson*, 465 U.S. at 895, 104 S.Ct. at 1547.

The determination of a reasonable number of hours multiplied by a reasonable hourly rate does not end the inquiry. Other considerations may lead the district court to adjust the fee upward or downward. *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. at 1939. In making the decision to adjust a fee upward or downward, the court may consider the factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974), although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n. 9, 103 S.Ct. 1933, 1939 n. 9, 76 L.Ed.2d 40 (1983); *see Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 566, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986) (*Delaware Valley I*). While the *Johnson* factors may be relevant in adjusting the lodestar amount, no one factor can substitute for multiplying a reasonable rate by a reasonable estimation of the number of hours expended on the litigation. *Blanchard v.*

*Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989).

■ The novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent reasons for increasing the fee award. *Blum v. Stenson,* 465 U.S. at 898–900, 104 S.Ct. at 1548–1549; *see Delaware Valley I,* 478 U.S. at 565, 106 S.Ct. at 3098. The quality of counsel's representation normally is reflected in the reasonable hourly rate. Therefore, the overall quality of performance ordinarily should not be used to adjust the lodestar. *Delaware Valley I,* 478 U.S. at 566, 106 S.Ct. at 3098.

In setting fees for counsel for the prevailing party, courts regularly recognize the delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect present value. *Pennsylvania v. Delaware Valley Citizens' Council,* 483 U.S. 711, 716, 107 S.Ct. 3078, 3081, 97 L.Ed.2d 585 (1987) (*Delaware Valley II*) (majority opinion). Compensation received several years after services were rendered is not the equivalent to the same dollar amount received promptly as the legal services are performed. *Missouri v. Jenkins,* 491 U.S. 274, 282, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989).

In *Smith v. Freeman,* 921 F.2d 1120 (10th Cir.1990), the Tenth Circuit stated:

> At the outset, we note that "[t]he establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area." *Lucero v. City of Trinidad,* 815 F.2d 1384, 1385 (10th Cir.1987) (quoting *Gurule v. Wilson,* 635 F.2d 782, 794 (10th Cir.1980)). The burden is on the fee applicant to establish the reasonableness of the attorney fee award under § 1988. *Lucero v. City of Trinidad,* 815 F.2d at 1385. And the district court must "provide a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart,* 461 U.S. 424, 437,

103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Ramos v. Lamm,* 713 F.2d 546, 552 (10th Cir.1983). In our role as a court of review, we will overturn the district court award "only if it represents an abuse of discretion." *Mares v. Credit Bur. of Raton,* 801 F.2d 1197, 1201 (10th Cir.1986).

921 F.2d at 1122.

Plaintiff discusses the following factors taken from *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974):

1. Time and labor involved.

Lead Counsel Donna Long spent 703.9 hours litigating this case. Cocounsel Tim Ryan spent 64.3 hours. Paralegals have billed 187.6 hours.

2. Customary fee.

The hourly rates sought are as follows: Donna Long—$112 per hour; Tim Ryan—$135 per hour; paralegals—$35 per hour. Plaintiff's requested fees represent an increase over their usual billing rates of $75 per hour for Long and $75–$90 per hour for Ryan.

3. Whether the fee is fixed or contingent.

Plaintiff's counsel accepted this case under a contingent fee contract with the plaintiff.

4. Undesirability of the case.

Plaintiff argues—and the court must agree—that civil rights cases are generally undesirable.

5. The amount involved and the results obtained.

■ Plaintiff argues that this case presented a common core of facts and her failure to prevail on all claims should therefore not result in a reduction of her requested fees. The defendants, on the other hand, argue that plaintiff's various claims were unrelated and the unsuccessful claims justify a 75% reduction in the total fee request.

Unlike the defendants, the court does not believe it appropriate to merely count up

the number of successful versus unsuccessful claims and determine a percentage reduction accordingly. *See Hensley,* 461 U.S. at 435 n. 11, 103 S.Ct. at 1940 n. 11. In a case with one common core of facts, counsel's time is devoted generally to the litigation as a whole and cannot be neatly divided on a claim by claim basis. *Id.* at 435, 103 S.Ct. at 1940. The court must focus on the significance of the overall relief obtained in relation to the hours reasonably expended. *Id.* Plaintiff contends, and the court agrees, that there was a common core of facts in this action. The facts relevant to her hostile environment claim and her state law tort claims were closely related to the claims of retaliation and constructive discharge (which claims were ultimately unsuccessful). The hours claimed by plaintiff should not be reduced based on the extent of success.

The court has examined counsel's billing records and the total number of hours claimed is reasonable. The defendants have not pointed to any specific entries which they claim reflect unnecessary or redundant hours. The court has re-examined the files in this matter, including the court's opinion on the defendants' summary judgment motion and the court's findings of fact and conclusions of law following trial. There was a common core of facts on all claims—both the successful and unsuccessful claims—so that all time is compensable. The court is not convinced that the plaintiff's "limited" success justifies reducing the number of hours by 75%, as the defendants argue.

The defendant does not argue that plaintiff's fee award should be reduced simply because she recovered only nominal damages. *See City of Riverside v. Rivera,* 477 U.S. 561, 575, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986) (plurality opinion) ("Because damage awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.").

The court must next determine the reasonable hourly rate. As the court noted above, reasonable fees are defined by reference to the prevailing market rates in the community. The court heard testimony from Shannon Krysl, a prominent member of the local bar, who concentrates in civil rights and personal injury litigation. She testified as to her customary billing rates ($100 per hour for out of court time; $150 per hour for in court time) and the customary billing rates for her law partner, another prominent member of the local bar ($150 per hour for out of court time; $200 per hour for in court time). Ms. Krysl testified that plaintiff's attorneys' requested hourly rates are quite conservative and are quite low for this community. The court finds that the hourly rates requested ($112 and $135 per hour) are in line with the prevailing rates in this community for similar work.

■ The defendants argue that the hourly rate awarded by the court should be the attorneys' customary billing rates. The attorney's customary billing rate is relevant, but is not the conclusive factor. *Spulak v. K Mart Corp.,* 894 F.2d 1150, 1160 (10th Cir.1990). In *Spulak,* the court approved an award of fees at an hourly rate higher than counsel's normal billing rate. *Id.* This court believes that the present case is one in which a reasonable hourly rate may properly exceed counsel's customary billing rate. The requested rates of $112 and $135 per hour are, in fact, lower than the prevailing rates in this community for counsel of comparable skills for similar work. Counsel demonstrated a level of skill sufficient to justify the requested rate. The court grants the requested hourly rates as reasonable rates. These rates are not being awarded as an enhancement of the lodestar.

*B. Enhancement of Lodestar*

■ A delay in payment may be the basis for an adjustment in the attorney fee award. *Smith v. Freeman,* 921 F.2d 1120, 1122 (10th Cir.1990). The court stated, "To deny an attorney compensation for delay in payment in cases where the time involved in conscientious representation has been great and the litigation has been protracted

would plainly run contrary to the purposes underlying" the attorney fee statute. *Id.* at 1123. The court ruled, however, that the few months between filing and settlement were insufficient to require an increase in the lodestar to compensate for the delay in payment. *Id.*

 The Tenth Circuit has recently reiterated that an enhancement for contingency must be viewed with caution and is appropriate only in "exceptional cases." *Homeward Bound, Inc. v. Hissom Memorial Center,* 963 F.2d 1352, 1360 (10th Cir. 1992). An exceptional case is one in which, prior to the litigation, the attorney was confronted with a real risk of not prevailing. *Id.* The district court must make two inquiries. First, the court should consider the law in effect at the time the suit was filed. Second, the court should consider the facts available to the attorney at the time the action was filed. The burden of proving a real risk of not prevailing is on the party seeking enhancement of the lodestar. *Id.* After the real risk of not prevailing has been demonstrated, the party seeking to enhance the lodestar must also come forward with evidence that, absent an enhancement, the plaintiff would have faced substantial difficulty in obtaining counsel. *Id.*

After considering all the matters presented to it, the court finds that no enhancement of the lodestar is appropriate in this case.

### C. Expenses

Plaintiff requests a total award of $14,447.92 for expenses. The defendants argue that a consulting fee of $1,080 should be eliminated and that the remaining expenses should be reduced 75% to account for the limited nature of success. Defendants do not specifically challenge any of the other expense items.

Plaintiff seeks reimbursement for the fee of consultant Elinor Schroeder. Schroeder is a professor at the University of Kansas School of Law. In the absence of a showing that consulting with a labor law professor was necessary to the prosecution of this case, the court does not believe that this is a reasonable expense. Therefore, it shall be disallowed.

 As part of the award of expenses, plaintiff requests paralegal fees. Total expenses, including paralegal fees, are $14,447.92. Paralegals have billed 187.6 hours at $35 per hour. In this community, work performed by paralegals is separately billed to the client. It is thus properly billed to the adversary in a Title VII case.

IT IS BY THE COURT THEREFORE ORDERED that plaintiff's motion for attorney's fees (Doc. 76) is hereby granted in part. Plaintiff is hereby awarded the sum of $100,885.22 for her attorney's fees and expenses.