**Timothy A. FRANZ, et al., Plaintiffs,**

v.

**Richard LYTLE, Defendant.**

**Civ. A. No. 89–1312–FGT.**

United States District Court,
D. Kansas.

May 10, 1994.

See also 791 F.Supp. 827.

754

James S. Phillips, Jr. and Robert M. Beattie, Jr., Phillips & Phillips, Chartered, Wichita, KS, for plaintiffs.

Dennis E. Shay, Smith, Shay, Farmer & Wetta, Wichita, KS and James S. Pigg, Fisher, Patterson, Sayler & Smith, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the plaintiffs' motion for an award of statutory attorney fees and expenses pursuant to 42 U.S.C. § 1988. Doc. 91. Plaintiffs brought this action alleging violations of 42 U.S.C. § 1983 and various state law claims. The plaintiffs are Ashley Franz, a minor child, and Timothy and Katherine Franz, Ashley's parents. The plaintiffs alleged that the defendant, acting under color of authority of the State of Kansas as a member of the Police Department of the City of Haysville, Kansas, subjected the minor plaintiff Ashley Franz to an unreasonable search. The plaintiff parents brought claims of trespass, false arrest and invasion of privacy based on the actions of the defendant.

This case arose from an investigation of child neglect or abuse conducted by the defendant in October 1988. Ashley Franz, then age 2, and her sister Amber, then age 6, stopped by the home of a neighbor in Haysville on October 19, 1988. The neighbor, Suzanne Brickley, noticed that Ashley was soaking wet with urine. Brickley told the girls to go home. When Amber informed Brickley that they could not go home, Brickley decided to change Ashley's diaper and put some dry clothes on her. Upon changing Ashley's diaper, Brickley discovered a severe rash or burn on the child's legs, abdomen and pubic area. Brickley called the Kansas Department of Social and Rehabilitation Services and was informed to contact the police. Brickley then called the Haysville Police Department, which sent the defendant Officer Lytle to investigate.

Without the knowledge or consent of Ashley's parents, Officer Lytle conducted a strip search of Ashley and took pictures of Ashley at the Brickley residence on October 19, 1988. Brickley gave a statement to Lytle, indicating that the Franz girls were often out of their home, unsupervised and wet, for hours at a time. Lytle took a statement from another neighbor, who also indicated that the Franz girls were outside for hours without being checked on by their parents. This neighbor indicated that she believed Ashley was neglected. Lytle then went to the Franz home and spoke with Katherine Franz. Katherine Franz stated that Ashley did not have diaper rash. Mrs. Franz also stated that she did not know where her children were.

By the next day, October 20, 1988, Lytle had become concerned over Ashley's well-being. Lytle returned to the Franz residence accompanied by a female animal control officer, since there were no female officers on the police force. Mrs. Franz let the officers in and allowed them to look at Ashley's rash. Lytle did touch Ashley during this search. Lytle requested that Mrs. Franz take Ashley to a doctor to have the rash checked. When Mrs. Franz declined, citing a lack of money, Lytle stated that he would have to take Ashley into protective custody.

Katherine Franz called Timothy Franz, who left work and returned home. After some discussion, the Franz family drove to a local hospital. Lytle followed in a separate vehicle. The emergency room doctor diag-

nosed the rash as diaper rash and found no evidence of sexual abuse. The doctor informed the Franzes to keep Ashley clean and dry. The investigation was concluded and no subsequent action was taken.

Following a jury trial, the court directed a verdict in favor of the plaintiff Ashley Franz on the issue of the search conducted on October 19, 1988. The court ruled that the neighbor, Suzanne Brickley, did not have the authority to consent to the search of Ashley Franz. On that claim, the jury awarded damages to the minor plaintiff in the amount of $250. The jury found in favor of the defendant on the issue of the search which took place on October 20, 1988 in the Franz home in the presence of Katherine Franz. The jury found in favor of Timothy and Katherine Franz on their trespass claim, and awarded each of them $1 in damages. The jury found against the Franzes on the remaining claims.

Plaintiffs seek an award of attorney fees in the amount of $33,225.00 and expenses in the amount of $1,387.81. Defendant raises several challenges to plaintiffs' motion for attorney fees. Defendant argues that plaintiffs' limited recovery precludes any award of fees, that counsel has failed to provide adequate time records, that the fee rate claimed is unreasonable, and that the fee application is untimely. The court shall address the last contention first.

■ The defendant argues that the fee application is untimely, since it was not filed within fourteen days after the entry of judgment as required by the recently amended Fed.R.Civ.P. 54(d)(2)(B). The amendments to the Federal Rules of Civil Procedure which took effect on December 1, 1993, govern all civil cases commenced thereafter, "and, insofar as just and practicable, all proceedings in civil cases then pending." Order of the Supreme Court of the United States, April 22, 1993. It would not be just to apply the amended rules to this action, which was filed in 1989, which was the subject of an interlocutory appeal to the Tenth Circuit on the issue of qualified immunity, and which was tried commencing November 30, 1993. Were it not for the appeal, this action would have been concluded long before the effective

date of the amendments. The fee application is timely under the court's local rules in effect prior to December 1, 1993, D.Kan. Rule 220.

■ The court's determination of the amount of fees to be awarded is a discretionary one. The district court's award of attorney fees is reviewed on appeal for an abuse of discretion. Underlying factual findings may be reversed only when clearly erroneous. *See Homeward Bound, Inc. v. Hissom Memorial Center,* 963 F.2d 1352, 1355 (10th Cir.1992); *McGee v. Equicor–Equitable HCA Corp.,* 953 F.2d 1192, 1209 (10th Cir.1992).

■ The initial estimate of a reasonable attorney fee is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543–44, 79 L.Ed.2d 891 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Counsel for the prevailing party should endeavor to exclude from the fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1939–40. Reasonable fees are defined by reference to the prevailing market rates in the community. *Blum,* 465 U.S. at 895, 104 S.Ct. at 1547.

■ The determination of a reasonable number of hours multiplied by a reasonable hourly rate does not end the inquiry, however. Other considerations may lead the district court to adjust the fee upward or downward. *Hensley,* 461 U.S. at 434, 103 S.Ct. at 1940. In making the decision to adjust a fee upward or downward, the court may consider the factors identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), although "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley,* 461 U.S. at 434 n. 9, 103 S.Ct. at 1940 n. 9; *see Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 566, 106 S.Ct. 3088, 3099, 92 L.Ed.2d 439 (1986). While the *Johnson* factors may be relevant in adjusting the lodestar amount, no one factor can substitute for multiplying a reasonable rate by a

reasonable estimation of the number of hours expended on the litigation. *Blanchard v. Bergeron*, 489 U.S. 87, 94, 109 S.Ct. 939, 945, 103 L.Ed.2d 67 (1989).

Plaintiffs' fee application seeks an hourly rate of $125 per hour. Defendant asserts that $125 per hour is excessive and that a proper rate for plaintiffs' counsel would not exceed $100 per hour. The court disagrees. Defendant's counsel provided the court with an affidavit in which he states that he defended this case at an hourly rate of less than $100 per hour. Defendant's counsel practices in Topeka. The court can almost take judicial notice of the fact that the hourly rates charged by attorneys in Topeka are much less than the hourly rates charged in the Wichita area. The rate of $125 per hour is in line with prevailing market rates in this community.

Plaintiffs seek payment for 265.80 hours of work. Defendant argues that the time records submitted are not sufficiently detailed to permit the court to evaluate what time was expended on the plaintiffs' one successful claim under 42 U.S.C. § 1983. The court finds that plaintiffs' counsel's time records are sufficiently detailed. Many civil rights cases present either a single claim or multiple claims involving a common core of facts or related legal theories. *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. In this type of case, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* Since such a case cannot be viewed "as a series of discrete claims," the court should "focus on the significance of the overall relief obtained by the plaintiff." *Id.* The present case involved a common core of facts and interrelated legal theories. The court cannot divide the hours on a claim-by-claim basis.

The court finds the hourly rate requested pursuant to counsel's affidavit is reasonable and in line with the prevailing hourly rate charged for this type of work in this market. Furthermore, the court finds that the number of hours counsel calculated is reasonable. Therefore, the court starts with the $33,225 figure requested by counsel.

Defendant contends that given the limited recovery plaintiff obtained at trial, no attorney fee should be granted, citing *Farrar v. Hobby*, —— U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). In *Farrar*, the Supreme Court held that a plaintiff recovering a nominal damage award in a section 1983 action is a "prevailing party" within the meaning of the attorney fee statute, 42 U.S.C. § 1988. —— U.S. at ——, 113 S.Ct. at 573. The Court noted that the "most critical factor" in determining the reasonable of an attorney fee award "is the degree of success obtained." *Id.* at ——, 113 S.Ct. at 574. In some circumstances, a party who formally prevails should not receive an attorney fee award. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at ——, 113 S.Ct. at 575 (citation omitted).

Plaintiffs originally pleaded several section 1983 claims, on behalf of both the minor plaintiff and the parents. The court ruled that Timothy and Katherine Franz had not suffered any injury actionable under section 1983. The court ruled as a matter of law that the search conducted on October 19, 1988 was unreasonable and illegal due to a lack of consent by either Timothy or Katherine Franz. The court instructed the court to award damages to the plaintiff Ashley Franz for the injuries she sustained as a result of the search. Plaintiffs had requested $50,000 in damages on Ashley Franz's two section 1983 claims. The jury awarded Ashley $250 for the search performed on October 19, 1988. The jury found in favor of the defendant for the search performed on October 20, 1988, finding that Katherine Franz voluntarily consented to the search of her daughter.

This court does not read the *Farrar* case as signifying some radical departure from prior attorney fee precedents. In *Farrar*, the Supreme Court made no sweeping pronouncements changing the rules governing the award of attorney fees in section 1983 actions. The Court ruled that the district courts should consider "the amount and nature of damages awarded" in determining the

appropriate attorney fee. —— U.S. at ——, 113 S.Ct. at 575. The Court held simply that, in a nominal damage case, it may be appropriate to decline to award attorney fees. *Id.*

The court does not believe the attorney fee in this case should be reduced because plaintiff did not receive all the relief she sought. Plaintiff prevailed on the central issue in this case, whether the nonconsensual strip search of the minor child constituted an unreasonable search within the meaning of the fourth amendment. Necessary to the determination of this issue was the determination of the standard which is to govern the conduct of police officers investigating allegations of child abuse or neglect. The case raised an important issue of qualified immunity, raised by summary judgment and requiring an interlocutory appeal to the Tenth Circuit. The issue was resolved in favor of the plaintiffs. The Tenth Circuit ruled that, unlike social workers, the police were subject to the usual probable cause and warrant requirement when investigating cases of child abuse. *Franz v. Lytle*, 997 F.2d 784 (10th Cir.1993).

Unlike *Farrar*, the present case does not involve an award of nominal damages on the section 1983 claims. Plaintiff recovered an award of actual damages, not nominal damages. The court instructed the jury that, if it found liability but did not find that the plaintiff had sustained substantial, actual damages, it could award a nominal sum, such as $1. The jury appears to have understood the distinction between nominal and compensatory damages, since it awarded nominal damages to the parents on their trespass claim. The apparent reason for the low damage award in favor of Ashley was a lack of evidence of any significant physical or emotional harm to the minor child from the search. However, the plaintiff won more than a mere nominal victory. This case resolved an issue of first impression in the Tenth Circuit and established the standard which will govern police officers investigating allegations of child abuse or neglect. The importance of the plaintiff's victory cannot be measured solely by the amount of the damage award. The court has considered the size of the damage award and has concluded that it does

not preclude the award of the fee requested by counsel.

**IT IS BY THE COURT THEREFORE ORDERED** that plaintiffs' motion for award of statutory attorney fees and expenses (Doc. 91) is hereby granted. Plaintiffs are hereby awarded the sum of $34,612.81 for their attorney fees and expenses.