**Randall B. GODINET, Plaintiff,**

v.

**MANAGEMENT AND TRAINING CORP., Defendant.**

**No. 96–4127–DES.**

United States District Court, D. Kansas.

Jan. 25, 2002.

David P. Mudrick, K. Gary Sebelius, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, Michael M. Walker, Avondale, AZ, for plaintiff.

Randall J. Forbes, Kevin M. Fowler, Clinton E. Patty, Frieden, Haynes & Forbes, Topeka, KS, S. Eric Steinle, Martindell, Swearer & Shaffer, Hutchinson, KS, Christina Collins, Kansas Medical Society, Topeka, KS, for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's Motion for an Award of Costs and Attorneys' Fees (Doc. 288). In accordance with the local rules, plaintiff has filed an appropriate Statement of Consultation

(Doc. 310) notifying the court of the parties' inability to reach an agreement regarding the fee award. D. Kan. Rule 54.2. Plaintiff, therefore, subsequently filed a Memorandum in Support (Doc. 309) of his motion. Defendant has since filed a Response (Doc. 316), and plaintiff has filed a Reply (Doc. 318).

After a week long trial, the jury returned a verdict in favor of plaintiff on his multiple claims of intentional discrimination and retaliation brought pursuant to Title VII. Plaintiff's instant motion seeks an award of nearly $300,000 in fees and costs. While defendant concedes plaintiff is entitled to an award of fees, it disputes the final figure proposed by plaintiff.

## I. STANDARD OF REVIEW

■ A prevailing party in a civil rights action is entitled to recover fees pursuant to 42 U.S.C. § 1988(b) ("the court, in its discretion, may allow the prevailing party, ... a reasonable attorney's fee as part of the costs"). Similarly, as a prevailing party in a Title VII action, federal law grants the present plaintiff the same opportunity. *See* 42 U.S.C. § 2000e–5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, ... a reasonable attorneys' fee ...."). The standards governing awards of fees and costs under Title VII are identical to those employed in other civil rights claims specifically controlled by 42 U.S.C. § 1988. *Roberts v. Roadway Exp., Inc.,* 149 F.3d 1098, 1111 (10th Cir. 1998).

In accordance with a multitude of authorities, the parties suggest, and the court concurs, that any analysis of an award of fees must necessarily begin with computation of the lodestar. The term lodestar merely refers to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Ellis v. University of Kansas Med. Ctr.,* 163 F.3d 1186, 1202 (10th Cir.1998). Throughout these proceedings, plaintiff bears the ultimate "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1201 (10th Cir.1986). Defendant contests both the total hours billed, the hourly rate employed, and certain costs proffered by plaintiff. The court will address these arguments in turn.

## II. DISCUSSION

### A. Reasonable Hours

Plaintiff has submitted to the court forty-one pages of itemized billing statements detailing approximately 1,691 hours, which were allegedly expended prosecuting this case. (Sebelius Aff., Ex. A). The billing records reveal representation commenced on January 31, 1994, and concluded, for purposes of the instant motion, on October 31, 2001. The billable hours are split between five attorneys and one paralegal.[1] Of these hours, defendant only asserts fifty-five should be subtracted. In particular, defendant argues the hours billed for, and travel costs associated with, Mr. Mi-

---

**1.** According to plaintiff, all five attorneys and the paralegal were associated with the firm of Wright, Henson, Somers, Sebelius, Clark & Baker, L.L.P. of Topeka, Kansas. Mr. Sebelius, a partner in the firm with over twenty-five years of experience, served as lead counsel throughout the proceedings. Mr. Mudrick, "special counsel" to the firm with over twenty years of experience, served as co-counsel during trial. Ms. Baker, a partner in the firm with over twenty years of experience, assisted in the preparation of the present fee application and miscellaneous post-judgment motions. Mr. Walker, an associate in the firm with over five years of experience, served as co-counsel prior to Mr. Mudrick's involvement. Finally, Mr. Sumpter, "of counsel" to the firm with over fifteen years of experience, assisted solely in the preparation of a post-judgment motion.

chael Walker's attendance at three depositions in Utah and mediation meetings in Colorado are duplicative.[2]

■ Duplication of effort due to multiple attorneys may be considered by the court in setting the number of reasonable hours billed. In *Ramos v. Lamm*, the Tenth Circuit noted:

> Another factor the court should examine in determining the reasonableness of hours expended is the potential duplication of services. For example, if three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time.... The court can look to how many lawyers the other side utilized in similar situations as an indication of the effort required.

713 F.2d 546, 554 (10th Cir.1983) (internal citation and quotation marks omitted), *overruled on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 107 S.Ct. 3078, 97 L.Ed.2d 585 (1987).

The three depositions in question were conducted over two days in July of 1997. Plaintiff's counsel's records reveal lead counsel, Mr. Sebelius, conducted two of the depositions, while Mr. Walker conducted the other deposition. Mr. Walker, however, attended, and billed for, the depositions taken by Mr. Sebelius. Defendant argues this attendance time should not be award-ed to plaintiff. In addition, defendant asserts only one attorney, presumably Mr. Sebelius, should have traveled to Utah and conducted all three depositions. The court agrees in part.

■ The court finds those hours billed solely for Mr. Walker's presence at depositions actually taken by Mr. Sebelius are unreasonable. Plaintiff has failed to proffer sufficient grounds to convince the court of the necessity of an associate's presence at depositions being conducted by plaintiff's seasoned lead counsel. *See Ramos*, 713 F.2d at 554 n. 4 ("we think that ... the presence of more than one lawyer at depositions and hearings must be justified to the court").

■ On the other hand, the court does not find it unreasonable that Mr. Walker, *instead* of Mr. Sebelius, was selected to conduct the deposition of the third witness. Clearly plaintiff's counsel's firm expended the resources of several attorneys in an effort to achieve optimal results for its client. The court will not now condemn this division of responsibility as unreasonable, for there are untold justifications for why one attorney is better equipped or skilled to conduct a particular deposition. Therefore, Mr. Walker's hours for actually taking the deposition and his travel expenses to the deposition shall not be altered.[3]

---

**2.** In total, plaintiff is seeking 618.60 hours for Mr. Walker's participation in this case. (Pl. Mem. in Supp. at 2).

**3.** Counsel's records show that the three witnesses deposed were Messrs. Adams, Watkins, and Owens. (Sebelius Aff., Ex. A at 13). Mr. Sebelius deposed Messrs. Adams and Watkins, and Mr. Walker deposed Mr. Owens. Mr. Walker's billing entries blend his time between all three depositions. The first relevant entry, dated July 15, 1997, states: "Attend deposition of Tom Adams; continue preparation for Hank Owens' deposition—14.00 hours." (*Id.*). The second entry, dated July 16, 1997, continues this style by noting: "Take Hank Owens deposition; attend Mose Watkins deposition; travel from Utah to Topeka (review case in route)—10.00 hours." (*Id.*). The court must extract those hours, which are not compensable based on the above analysis. The court, therefore, subtracts seven hours from the July 15th entry and 3.33 hours from the July 16th entry.

As a final note, in defendant's papers to the court regarding this matter, defendant's recitation of Mr. Walker's billing entries contains a significant error. In defendant's version of the July 15th entry, Mr. Walker supposedly bills for his preparation of Mr. Watkins' depo-

■ As for Mr. Walker's presence at mediation meetings in Colorado, plaintiff argues Mr. Walker's participation was necessary in light of his knowledge regarding the case. Plaintiff, however, offers no explanation or elaboration. On the other hand, defendant suggests "it was only necessary for [plaintiff] to have one attorney present ...." (Def. Resp. Mem. at 8). Strangely absent from defendant's papers on this matter, however, is any indication of how many attorneys represented defendant and its interests at the mediation meetings. Without more, the court is left to weigh divergent assertions regarding the usefulness of Mr. Walker at proceedings conducted outside its presence. In such circumstances, the court is reminded that plaintiff, not defendant, bears the burden in establishing the reasonableness and necessity of all hours presented for compensation. With this in mind, the court finds plaintiff has failed to establish to the court's satisfaction that Mr. Walker's presence at the mediation was necessary and therefore reasonably billed.

In sum, the court strikes the following hours and costs from plaintiff's submission: (1) 10.33 hours for Mr. Walker's attendance at the depositions conducted by Mr. Sebelius; (2) sixteen hours for his travel to, and attendance at, the mediation in Colorado; and (3) $872.85 for his travel expenses to Colorado.[4] Thus, Mr. Walker's billable time shall total 592.27 hours.

After proper review, the court finds the remaining hours submitted by plaintiff are sufficiently specific and adequately supported by contemporaneous time records. Defendant raises no additional arguments

for adjusting plaintiff's submitted hours and the court knows of none, so in accordance with the above modification, plaintiff's counsel is entitled to fees for all hours billed.

**B. Reasonable Rates**

■ The court will exercise its discretion in establishing a reasonable hourly rate. *Lucero v. City of Trinidad,* 815 F.2d 1384, 1385 (10th Cir.1987). Counsel will be paid a rate reflective of the local legal market. *See Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (noting a court is to look "to the prevailing market rates in the relevant community" in calculating a reasonable fee). There is no dispute that the relevant community in this action is Topeka, Kansas. Once again, the burden is on plaintiff "to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n. 11, 104 S.Ct. 1541.

■ Plaintiff suggests the following rates are reflective of the Topeka market and properly adjusted for each attorney's level of skill and experience in civil rights litigation:

1. K. Gary Sebelius ($200 per hour)
2. David P. Mudrick ($175 per hour)
3. Anne L. Baker ($150 per hour)
4. Michael M. Walker ($125 per hour)
5. Scott S. Sumpter ($125 per hour)

Each attorney has submitted a personal affidavit affirming these rates. In addition, plaintiff has submitted three affida-

---

sition instead of correctly noting his preparation for Mr. Owens' deposition. While the court is confident such error was inadvertent, defense counsel is reminded to diligently check the accuracy of all his submissions.

4. Counsel's records contain the following billing entry, dated December 28, 1998, regard-

ing travel costs to the Colorado mediation: "Travel expense to Denver for mediation (airfare, taxi fare, hotel rooms and meals for [Mr. Sebelius] and [Mr. Walker]—$1,745.70." (Sebelius Aff., Ex. A at 39)). The court divided this sum by two in reaching the excluded figure of $872.85.

vits from non-interested Topeka attorneys. (Youngentob Aff.; Palmer Aff.; Irigonegaray Aff.). All three of the non-interested attorneys opine that a lead trial attorney in Topeka with over twenty-five years of experience typically bills at $200 to $250 an hour with a reduction down to $125 for attorneys with at least five to seven years of experience.[5]

On the other hand, defendant argues the appropriate range for legal fees in Topeka is $100 to $150 an hour depending on experience. In support, defendant submits an affidavit from a non-interested Topeka attorney, which states the Topeka market generally ranges from $90 to $150 an hour depending on experience. (Hoover Aff.). Furthermore, defendant directs the court's attention to a number of cases wherein courts of this district, sitting in Topeka, have set legal rates ranging from $90 to $150 per hour. *See, e.g., Adams v. Goodyear Tire & Rubber Co.*, No. 99–4159–SAC, 2001 WL 523374, at *2 (D.Kan. Apr.24, 2001) (Crow, J.) (noting "fees awarded usually range from $125 to $150 an hour" and finding "[b]ased on the court's own knowledge of rates in the Topeka market, [counsel]'s fees will be permitted at the rate of $150 per hour, which is at the high end of rates in this community"); *T.Y. by Petty v. Board of County Comm'rs*, 912 F.Supp. 1416, 1423 (D.Kan.1995) (Saffels, J.) ("the court finds that $125 represents a reasonable hourly rate for Topeka civil rights attorneys"); *Brown v. Unified Sch. Dist. No. 501*, 878 F.Supp. 1430, 1436 (D.Kan.1995) (Rogers, J.) (awarding $125 an hour in civil rights litigation).

In the present case, both parties have submitted satisfactory, albeit contradictory, evidence supporting their proffered legal rates. In such cases, the court *must* derive the appropriate legal rate solely from the competent market evidence. *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1257 (10th Cir.1998) ("The district court should have considered these affidavits and granted rates in accordance with any of them or arrived at a compromise among them, or, in the alternative, set the rates according to other competent market evidence."). *Cf. Adams*, 2001 WL 523374 at *2 (noting the court relied on its own knowledge of the local market because it was not provided any evidence of the prevailing market price). With the court's analysis controlled by the admitted evidence, the persuasiveness of both past opinions and the court's own knowledge of the Topeka legal market is greatly reduced. The court, therefore, finds it appropriate to strike a balance between the rates suggested by the parties' evidence. The court will apply the following rates:

| 1. | K. Gary Sebelius | ($175 per hour) |
| 2. | David P. Mudrick | ($150 per hour) |
| 3. | Anne L. Baker | ($150 per hour) |
| 4. | Michael M. Walker | ($115 per hour) |
| 5. | Scott S. Sumpter | ($115 per hour) |

These rates represent an appropriate compromise; aimed at determining what each attorney " 'would receive if he [or she] were selling his [or her] services in the market rather than being paid by court order ....' " *Case*, 157 F.3d at 1257 (quoting *In Re Continental Illinois Sec. Litig.*, 962 F.2d 566, 568 (7th Cir.1992)). Finally, defendant does not oppose the rate of $60 per hour for De Ann Ricketts' paralegal

---

**5.** For example, one attorney states:
[T]he prevailing reasonable hourly rate for attorneys in employment discrimination matters in this locality are as follows: at least $125 for attorneys with 5 to 7 years of experience who do not serve as lead counsel in the trial of the litigation matter; a

range of $150 to $175 per hour for attorneys with 20 to 25 years of experience; and a range of $200 to $250 per hour for attorneys with more than 25 years experience who serve in the lead trial capacity.
(Palmer Aff. at 2–3).

services, and the court accepts plaintiff's suggested rate.

### C. Westlaw Expenses

 Within their calculation of compensable costs, plaintiff's counsel seeks recoupment of fees associated with the use of Westlaw. Defendant, however, argues that fees for the use of computerized legal research are not per se properly recoverable by counsel on a motion for attorneys' fees. (Def. Resp. Mem. at 8). The court disagrees. "Reasonable expenses incurred in representing a client in a civil rights case should be included in the attorney's fee award if such expenses are usually billed in addition to the attorney's hourly rate." *Case*, 157 F.3d at 1257 (citing *Ramos*, 713 F.2d at 559). The Tenth Circuit has specifically found that Westlaw expenses may be recovered if they meet this standard and are reasonable. *Id.* Plaintiff's counsel has properly submitted an affidavit stating Westlaw expenses are normally itemized and billed separately within the Topeka community. (Mudrick Supp. Aff. at 2–3). The court finds this evidence satisfies plaintiff's burden. Defendant presents no other argument regarding the Westlaw expenses, so the court accepts plaintiff's counsel's suggested billing of said costs.

Defendant raises no additional disputes regarding the remainder of plaintiff's counsel's reported costs. The court accepts the costs submitted by plaintiff in accordance with the modification set forth above. Therefore, the court subtracts $872.85 from plaintiff's counsel's requested costs of $18,708.21 for a total cost figure of $17,835.36.

### III. CONCLUSION

The lodestar figure for this action shall be computed as follows:

| | | |
|---|---|---|
| K. Gary Sebelius | | |
| (755.00 hours @ $175 per hour) | $132,125.00 | |
| David P. Mudrick | | |
| (194.40 hours @ $150 per hour) | $ 29,160.00 | |
| Anne L. Baker | | |
| (23.20 hours @ $150 per hour) | $ 3,480.00 | |
| Michael M. Walker | | |
| (592.27 hours @ $115 per hour) | $ 68,111.05 | |
| Scott S. Sumpter | | |
| (5.30 hours @ $115 per hour) | $ 609.50 | |
| De Ann Ricketts | | |
| (94.90 hours @ $60 per hour) | $ 5,694.00 | |
| **Lodestar** | **$239,179.55** | |
| | | |
| Costs advanced by plaintiff's counsel | $ 17,835.36 | |
| **TOTAL** | **$257,014.91** | |

Accordingly, plaintiff's motion for attorneys' fees and costs will be granted in the amount of $257,014.91, an amount less than originally sought by plaintiff's counsel.

**IT IS THEREFORE BY THIS COURT ORDERED** that plaintiff's Motion for an Award of Costs and Attorneys' Fees (Doc. 288) is granted in the amount of **$257,014.91.**