**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2001**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAULA BALLARD,

      Plaintiff-Appellee,

v.

MUSKOGEE REGIONAL MEDICAL
CENTER,

      Defendant-Appellant.

Nos. 99-7132 & 00-7004

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 99-CV-21-P)**

---

**Submitted on the briefs:**

Terry Todd, Leslie C. Weeks, and Elizabeth Hall of Rodolf & Todd, Tulsa,
Oklahoma, for Defendant-Appellant.

James G. Wilcoxen of Wilcoxen & Wilcoxen, Muskogee, Oklahoma, and Nathan
H. Young, III, of Tahlequah, Oklahoma, for Plaintiff-Appellee.

---

Before **BRORBY**, **McKAY**, and **KELLY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

# I. Introduction

Plaintiff, a psychological technician at Defendant Muskogee Regional Medical Center (an entity of the city of Muskogee), brought an action against Defendant under 42 U.S.C. § 1983 for First Amendment retaliation. Plaintiff claimed that she was terminated because she notified the County Health Department regarding the poor condition of a patient that Defendant had received from a referring facility. Defendant claimed that Plaintiff was terminated because of her poor work performance, including misrepresenting herself as a nurse to others and encouraging a known suicidal patient to jump out of a window. At the close of all evidence, Defendant moved for judgment as a matter of law. The jury, answering special interrogatories, found that (1) Plaintiff's speech was a substantial or motivating factor in her termination and (2) she would have been terminated absent her exercise of speech. The jury further advised that she be awarded $8,150 in front pay damages. The district court denied Defendant's motion for judgment as a matter of law and awarded Plaintiff $8,150 in front pay. The court also awarded Plaintiff attorney fees under 42 U.S.C. § 1988(b). We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

Defendant contends that the district court's denial of its motion for judgment as a matter of law was error and requires reversal. Defendant further argues that awards of front pay and attorney fees should be set aside.

## II. Free Speech Retaliation

We review de novo a district court's disposition of a motion for judgment as a matter of law, applying the same standard as the district court. Such a judgment is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion. See Baty v. Willamette Indus., Inc., 172 F.3d 1232, 1241 (10th Cir. 1999) (quotations and citations omitted).

A trio of Supreme Court decisions fashions the four-step test that guides our inquiry. See Connick v. Meyers, 461 U.S. 138 (1983); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977); Pickering v. Bd. of Educ., 391 U.S. 563 (1968). For a public employee to prevail on a First Amendment retaliation claim against her employer, the employee must prove: (1) the employee's speech involved a matter of public concern, see Connick, 461 U.S. at 146; (2) the employee's interest "in commenting upon matters of public concern" is greater than the interest of the public employer "in promoting the efficiency of the public services it performs through its employees," Pickering, 391 U.S. at 568; and (3) the speech was a "substantial factor" or a "motivating factor" in the adverse employment decision, Mt. Healthy, 429 U.S. at 287. See also Dill v. City of Edmond, 155 F.3d 1193, 1201-02 (10th Cir. 1998); Gardetto v. Mason, 100 F.3d 803, 811 (10th Cir. 1996). Finally, if the employee meets the requirements

of these three prongs, the burden then shifts to the employer to show "by a preponderance of the evidence that it would have reached the same decision . . . even in the absence of the protected conduct." Mt. Healthy, 429 U.S. at 287.

The Court explained the purpose of the fourth step of the inquiry:

> A borderline or marginal candidate . . . ought not to be able, by engaging in [constitutionally protected] conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision.

Mt. Healthy, 429 U.S. at 286.

In the instant action, Defendant demonstrated that Plaintiff's termination would have occurred solely as a result of her poor performance at the hospital. The district court noted: "The verdict form . . . reflects the jury's finding that Defendant would have terminated Plaintiff even in the absence of the exercise of her right to free speech." (Br. Aplnt., App. A). Despite this finding, however, the court denied Defendant's motion for judgment as a matter of law. The only explanation offered by the court was that the jury's finding "does not negate the constitutional violation which occurred, and according to the Civil Rights Act of 1991, . . . merely affects the Plaintiff's damages." (Br. Aplnt., App. A).

The district court's determination is contrary to established caselaw. The public employer's "anyway" defense—if established by a preponderance of the evidence—acts as an absolute bar to liability, not merely a factor in awarding

-4-

damages. The Supreme Court has said that in First Amendment retaliation actions, "the government can *escape liability* by showing that it would have taken the same action even in the absence of the protected conduct." Bd. of County Comm'rs, Wabaunsee County, Kan. v. Umbehr, 518 U.S. 668, 675 (1996) (emphasis added) (citing Mt. Healthy, 429 U.S. at 287). We have also stated that "defendants would be *relieved from liability* if they can establish that they would have reached the same decision even in the absence of plaintiff's speech." Copp v. Unified Sch. Dist. No. 501, 882 F.2d 1547, 1554 (10th Cir. 1989) (emphasis added).

In this case, the jury specifically found that "Defendant would have terminated Plaintiff even in the absence of the exercise of her right to free speech." (Br. Aplnt., App. A). Thus, Defendant met its burden and is relieved from liability in terminating Plaintiff.

## III. Front Pay Awards

Defendant further asserts that the district court erred in awarding Plaintiff $8,150 in front pay. An award of front pay for claims under § 1983 is an equitable remedy; thus, the district court has discretion to decide whether such an award is appropriate. See Mason v. Okla. Tpk. Auth., 115 F.3d 1442, 1458 (10th Cir. 1997) (citing Starrett v. Wadley, 876 F.2d 808, 824 (10th Cir. 1989)). "That

discretion, however, should be measured against an anti-discrimination statute's purpose to make the plaintiffs 'whole.'" Davoll v. Webb, 194 F.3d 1116, 1143 (10th Cir. 1999) (citing Carter v. Sedgwick County, Kan., 36 F.3d 952, 957 (10th Cir.1994), and Pitre v. W. Elec. Co., 975 F.2d 700, 704 (10th Cir.1992)). We thus review the court's award of front pay for an abuse of discretion. See Mason, 115 F.3d at 1458.

As set forth above, the district court erred in holding Defendant liable despite the jury finding that Defendant had proven its "anyway" defense. In addition, the court abused its discretion in awarding equitable damages to Plaintiff despite Defendant's inculpability. Plaintiff did not need to be made "whole" because Defendant had caused no harm, according to the jury verdict. It is impertinent that the jury advised an award of front pay, since such determinations are made solely by the court. See McCue v. Kan. Dep't of Human Res., 165 F.3d 784, 791 (10th Cir. 1999).

We have previously adopted the reasoning that front pay can be refused in part when the fact finder determines that the employee "would have been legitimately laid off sometime before trial." Dalal v. Alliant TechSystems, Inc., 182 F.3d 757, 759 n.2 (10th Cir. 1999). The Supreme Court has even held that evidence of employee wrongdoing discovered by an employer after discharge and sufficient for termination renders reinstatement or front pay "inequitable and

pointless." McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 361-62 (1995); see also Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 554-55 (10th Cir. 1999). Wrongdoing known to the employer before termination and found by the jury should have no less an effect. Thus, Defendant is not liable to Plaintiff for front pay.

IV. Attorney Fees Under § 1988(b)

Defendant also challenges the district court's award of attorney fees to Plaintiff pursuant to 42 U.S.C. § 1988(b). Defendant contends that Plaintiff was not the "prevailing party" in this litigation and therefore is not entitled to an award of attorney fees under § 1988(b). We review a district court's decision to award or deny attorney's fees for an abuse of discretion. See Witham v. Baptist Health Care of Okla., Inc., 98 F.3d 581, 584 (10th Cir. 1996). "'Although the ultimate decision to award fees rests within the district court's discretion, any statutory interpretation or other legal conclusions that provide a basis for the award are reviewable de novo.'" Dalal, 182 F.3d at 759-60 (quoting Phelps v. Hamilton, 120 F.3d 1126, 1129 (10th Cir. 1997)).

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, provides in relevant part: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a

reasonable attorney's fee as part of the costs." Id. at § 1988(b). Construing the Act, the Supreme Court has stated that "in order to qualify for attorney's fees under § 1988, a plaintiff must be a 'prevailing party.'" Farrar v. Hobby, 506 U.S. 103, 109 (1992). The Court has given an expansive definition to "prevailing party." "In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id. at 111-12. In addition, "'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). In Phelps, we adopted Justice O'Connor's "three-part test to determine whether a prevailing party achieved enough success to be entitled to an award of attorney's fees." Phelps, 120 F.3d at 1131. "The 'relevant indicia of success' in such cases are: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which the plaintiff prevailed; and (3) the public purpose of the litigation." Id. at 1131 (quoting Farrar, 506 U.S. at 121-22 (O'Connor, J., concurring)).

Applying this analysis to the case at bar, Plaintiff has not achieved sufficient success to entitle her to attorney fees. Plaintiff's litigation has neither

-8-

altered her legal relationship to Defendant nor modified Defendant's behavior. Plaintiff has not recovered relief, vindicated a legal issue, or served an important public purpose. We have previously held that when a claim of free speech retaliation under § 1983 is reversed on the merits, the court must also reverse an award of attorney fees to the plaintiff. See Withiam, 98 F.3d at 584. We do so now.

## V. Conclusion

For the foregoing reasons, the decision of the district court is REVERSED and REMANDED to that court with direction to set aside the front pay award, set aside the award of attorney fees, and enter judgment in favor of the Defendant.