FILED
United States Court of Appeals
Tenth Circuit

September 4, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT PADEN,

Plaintiff-Appellee,

v.

TED KEELING,

Defendant-Appellant,

and

BOARD OF THE COUNTY
COMMISSIONERS OF THE COUNTY
OF TEXAS,

Defendant.

No. 12-6041
(D.C. No. 5:10-CV-01355-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ted Keeling appeals from the district court's order denying summary judgment based on qualified immunity. We dismiss the appeal for lack of jurisdiction.

**I.**

Plaintiff Robert Paden brought this 42 U.S.C. § 1983 action against his former employer, the Texas County Board of County Commissioners, and Keeling, his former supervisor, alleging that he was terminated in violation of his rights of free speech and free association under the First Amendment. In his complaint, Paden alleged that while Keeling was running for re-election to the position of County Commissioner, Paden supported Keeling's opponent in the July 2010 primary election. Paden claimed that Keeling later terminated his employment in August 2010 in retaliation for his exercise of his First Amendment rights.

Keeling filed a motion for summary judgment, arguing that there was insufficient evidence in the record from which a trier of fact could reasonably conclude that Paden's speech was a substantial or motivating factor in his termination. *See Ballard v. Muskogee Reg'l Med. Ctr.*, 238 F.3d 1250, 1252 (10th Cir. 2001) (listing as an element of First Amendment retaliation claim against employer that speech was a substantial or motivating factor in the adverse employment decision). Keeling contended the evidence overwhelmingly established that he terminated Paden based on his insubordinate conduct in using profane language. Keeling also argued that the evidence showed he would have terminated Paden regardless of Paden's protected speech. *See id.* (holding if employee

establishes all elements of First Amendment retaliation claim, burden shifts to defendant to show he would have made the same decision in absence of protected conduct). Keeling asserted that he should be granted summary judgment on Paden's freedom-of-association claim on the same bases. Finally, Keeling contended that he was entitled to qualified immunity because his termination of Paden based on Paden's use of profane language was objectively reasonable under the circumstances.

Paden responded that questions of material fact existed as to Keeling's motivation in terminating his employment and whether Keeling would have terminated him absent his protected speech and political association. More specifically, Paden contended that Keeling's reliance on a county policy against using profane language was a pretext for his true motivation in terminating Paden. He also argued the evidence showed that Keeling knew or should have known that terminating an employee for exercising his First Amendment rights was a violation of the law.

The district court denied Keeling's summary judgment motion. The court first summarized the conflicting evidence presented by the parties. Because Keeling argues that the district court's findings were insufficient, we relate them in their entirety here:

> Plaintiff was an at-will employee for . . . District 1 of the defendant Texas County Board of County Commissioners ("County"). Keeling served as plaintiff's foreman. Keeling was later elected as commissioner in 2006.

Upon plaintiff's employment, plaintiff received a copy of the Employee Personnel Policy Handbook for Texas County and signed an Acknowledgment Form. County policy prohibits employees from participating in campaigning or political activity during work hours. County policy also prohibits employees from fighting, obscene or abusive language, threatening language, and insubordination.

On a few occasions, Keeling took informal corrective action against plaintiff by speaking with him about his behavior. In 2008 or 2009, Keeling told plaintiff to refrain from using foul language in the office around the secretaries. Plaintiff disputes that Keeling has ever enforced County's policy.

In 2008, plaintiff ceased seeing Keeling socially and decided that he and Keeling were no longer friends. Plaintiff alleges that three to four months prior to Keeling's re-election, Keeling began to treat plaintiff differently.

In 2010, Keeling ran for re-election against party-opponent Ruth Teel ("Teel"). Plaintiff did not hold any official role in Teel's campaign, formally campaign for her, or display any of Teel's paraphernalia. However, plaintiff alleges that he told friends and acquaintances to vote for Teel. Plaintiff further alleges that nine other employees supported Teel.

Based upon rumors, plaintiff told people that if Keeling won, he would terminate six or seven people in District 1. Keeling heard rumors that the election was being discussed among employees during the day. During a regularly scheduled morning meeting, Keeling told employees that they were entitled to vote however they wanted, but it was a violation of County policy to talk about it at work. Purportedly, during the meeting, Keeling accused plaintiff and others of campaigning for his opponent.

According to plaintiff, after the election, Keeling referred to plaintiff as a "f-ing liar" and/or said it was an "f-ing lie" in regards to plaintiff's assertion that plaintiff reported his equipment needed maintenance. However, prior to the 2010 campaign, Keeling also accused plaintiff of lying about an incident where plaintiff reported road damage by a private bulldozer.

Aplt. App., Vol. 2 at 624-25.[1]

The district court held that genuine issues of material fact precluded summary judgment because "a rational jury could infer that [Paden's] speech was a substantial or motivating factor to [his] termination." *Id.* at 628. The court based that conclusion upon the evidence that "Keeling accused [Paden] and others of campaigning for his opponent and saying bad things about Keeling" and "evidence that, prior to [Paden's] termination, Keeling never took corrective action against other employees for use of profane language." *Id.* (quotation, brackets, and ellipsis omitted). The court also held that "a rational jury could infer that Keeling would not have terminated [Paden] in the absence of [his] political speech because, as discussed above, Keeling never took corrective action against other employees for use of profane language." *Id.* On the same bases, the district court also concluded that a reasonable jury could infer that Paden's political association was a substantial or motivating factor behind his termination. Accordingly, the court held that Keeling was not entitled to summary judgment on either of Paden's claims.

The court also held that, in light of its findings, Paden had presented sufficient evidence to support a violation of his First Amendment rights, which were clearly established at the time of Keeling's alleged misconduct. Therefore, the court denied Keeling's motion for summary judgment based on qualified immunity.

---

[1]     The district court stated that it had set forth the facts in the light most favorable to Paden. *See* Aplt. App., Vol. 2 at 624 n.1.

## II.

On appeal, Keeling argues that the district court erred in holding that Paden established a constitutional violation. He asserts further that a reasonable Commissioner in his position would not understand that his actions violated Paden's constitutional rights. Before proceeding to the merits, we must address our jurisdiction over Keeling's appeal. While neither party has raised a jurisdictional question, we have "an independent obligation to examine [our] own jurisdiction." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1276 (10th Cir. 2001).

Although a district court's denial of a summary judgment motion seeking qualified immunity is immediately appealable, the right to appeal is limited to "purely legal issues." *Morris v. Noe*, 672 F.3d 1185, 1189 (10th Cir. 2012) (quotation and brackets omitted). Specifically, "[a] party may not appeal the district court's determination that factual issues genuinely in dispute preclude summary adjudication." *Id.* (quotation omitted). And "we may not consider whether the district court correctly identified the set of facts that the summary judgment record is sufficient to prove." *Id.* (quotation omitted). Consequently, we must assume the facts as found by the district court, and we may review only the legal determination that those facts are sufficient to establish a violation of a constitutional right that was clearly established. *See id.*

The district court in this case denied summary judgment for two reasons, one of which is appealable and one of which is not. *See id.* The court first determined that material factual issues remained on Paden's constitutional claims. It also held

that Keeling was not entitled to qualified immunity based on the facts viewed most favorably to Paden. "We have jurisdiction over only the latter determination," *id.*, but Keeling raises only issues related to the district court's determination that there are genuine issues for trial.

Keeling first argues that Paden did not present sufficient evidence to establish that his termination was substantially motivated by his protected speech or his political association. Keeling devotes most of his opening appellate brief to a discussion of the evidence, and he asserts (incorrectly) that this court reviews the record de novo to determine whether the district court erred in determining that summary judgment was precluded by factual issues genuinely in dispute. While it is clear that Keeling disagrees with the court's conclusion that a reasonable jury could find that Paden's termination was motivated by his exercise of his First Amendment rights of speech and association, we have no jurisdiction to review that determination. *Mascorro v. Billings*, 656 F.3d 1198, 1204 n.6 (10th Cir. 2011) ("We will not hear an appeal when the question is the sufficiency of the evidence or the correctness of the district court's findings with respect to a genuine issue of material fact.").

Although we would have jurisdiction to review the district court's legal determination that Keeling was not entitled to qualified immunity based on the facts viewed most favorably to Paden, *see Morris*, 672 F.3d at 1189, Keeling has not raised that argument on appeal. Instead, regarding the district court's denial of qualified

immunity, he maintains once again that there is no evidence he was motivated at all by Paden's protected speech or political association. And Keeling contends that under *his* version of the facts—namely, that Paden was terminated based solely on his use of profane language—Paden failed to show a violation of any clearly established constitutional right. Keeling's argument simply asks us to review the district court's conclusion that a jury could find his termination decision to have been substantially motivated by Paden's protected conduct. *See Armijo v. Perales*, __ F.3d __, 2012 WL 3104907, at *7 (10th Cir. Aug. 1, 2012). We have no jurisdiction to do so. *Id.*

Finally, Keeling argues that the district court made no findings as to the facts in this case. He does not elaborate on the significance of that assertion, but in any event, his claim is belied by the record. As demonstrated by the portion of the district court's order quoted above, the court did provide a summary of the evidence. The court then emphasized Keeling's accusation that Paden had been campaigning for his opponent and Keeling's previous failure to take corrective action against employees for using profane language, before concluding that a rational jury could infer that Paden's speech and political association were substantial or motivating factors in his termination. Importantly, "[e]ven if the district court erred in reaching that finding, we would not have jurisdiction to review that fact-based determination" in this appeal. *Armijo ex rel. Chavez v. Wagon Mound Pub. Schs.*, 159 F.3d 1253, 1259 (10th Cir. 1998). Nor is this a case where the lack of factual findings by the

district court requires us to "look behind the order denying summary judgment" and "review the entire record, construing the evidence in the light most favorable to the plaintiff, [to] determine de novo whether the plaintiff in fact presented sufficient evidence to forestall summary judgment on the issue of qualified immunity." *Id.*

## III.

Because Keeling fails to make any argument over which we have appellate jurisdiction, we dismiss the appeal. *See Gray v. Baker*, 399 F.3d 1241, 1247-48 (10th Cir. 2005) (dismissing for lack of jurisdiction appeal of denial of summary judgment based on qualified immunity where "arguments involve[d] the district court's determinations of evidence sufficiency").

The appeal is DISMISSED for lack of jurisdiction.

Entered for the Court

John C. Porfilio
Senior Circuit Judge